Per Curiam.
This is one of three actions brought by plaintiff, who was a discharged horse trainer, or coachman, of defendant, to recover $250, $150, $35.00 repectively, “for money loaned and paid out at defendant’s request.”
They were all tried on the same day, and the last two resulted in a judgment for the defendant; while, in the first, the justice rendered judgment in plaintiff’s favor for the amount claimed, with costs; and from this judgment the appeal is taken.
The defendant, in due time, demanded a bill of particulars of the money claimed to have been “loaned and paid out” at his request; and one was given, stating it was for money paid “ to one John Purdue,” of Brick Church, N. J., to be paid by said Purdue to one Thomas Brogan, in settlement of a claim made by said Brogan against said defendant herein, for the value of cows, claimed by said Brogan to have been poisoned by defendant. This money was paid in June, 1884.
The evidence did not warrant any judgment for such a cause of action; a,nd this the justice who tried the case conceded.
*357 The testimony, if it would justify any judgment against the defendant, established a cause of action for money paid by the plaintiff, at the request of defendant, to Purdue in settlement of criminal charges made by Brogan against the plaintiff jointly with others, including defendant’s son in November, 1883, not June, 1884.
It was for this latter cause of action that the justice rendered judgment, and not for the one sued on; this, notwithstanding the testimony, was properly objected to, and a motion for the dismissal of the complaint was made upon the express ground that the cause of action proved, if any, was not the cause of action sued on. This was denied; the justice saying that plaintiff might amend, but he did not ask for any amendment, nor was any made.
We think the bill of particulars must govern in this case, especially as it is the only written pleading, and we doubt whether, if the plaintiff should commence another action for the claim on which a recovery was allowed in this, the judgment in this action would be a bar to that.
The object of a bill of particulars is to apprise a party of the specific demand of his adversary. Drake v. Thayer, 5 Robt., 694.
Its effect is to limit the testimony to the items contained in the bill, and to prevent the introduction of proof of any matters not so contained. Kreiss v. Seligman, 8 Barb., 439.
It is true that a variance between an allegation in a pleading, and the proof must be disregarded as immaterial unless the court is satisfied that the adverse party has been, misled thereby to his prejudice. Code, § 2943.
The court must also, upon application, allow a pleading to be amended at any time during the pendency of the action, even on appeal, if substantial justice will be promoted thereby Code, § 2944.
But it is not the duty of the justice, nor is it proper for him to volunteer to make amendments not moved for by either party. Loyd v. Fox, 1 E. D. S., 101.
In this case, in view of the fact, that on the margin of the bill of particulars a memorandum that Purdue died before the date therein stated, and in November, 1883, and the evidence tending to establish the cause of action for which judgment was rendered, was, on the trial, carefully limited to a time before his death, apparently in accordance with this memorandum; and, in view of the further facts, that the money was claimed to have been paid to a dead man, the extraordinary nature of the claim, made about five years after the money was said to have been paid; the many contradictions and inconsistencies of plaintiff’s witness; and the further fact that the justice, in coming to a conclusion, seems to have been under the *358 impression that he could not act upon his own judgment in weighing the evidence, but that he must decide in favor of the party having the most witnesses; and that apparently without sifting the evidence we do not think that substantial justice' would be promoted by allowing the amendment, now to be made, as we have a right to do under the ■Code, §§ 3063, 3213; but we think substantial justice will be best promoted by ordering a new trial.
Judgment reversed, new trial ordered, with costs of appeal to the appellant to abide the event.